**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 95-6878**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ALEXANDER BRUNER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-94-93-F, CA-95-438-5-F)

———————————

Submitted: May 14, 1996                    Decided: June 27, 1996

———————————

Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

James Alexander Bruner, Appellant Pro Se. Harold Franklin Askins, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals from the district court's order denying his 28 U.S.C. § 2255 (1988) motion. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss on the reasoning of the district court. United States v. Bruner, Nos. CR-94-93-F; CA-95-438-5-F (E.D.N.C. May 23, 1995). Regarding Appellant's claim that the district court erred in proceeding under Rule 4 of the Rules Governing § 2255 Proceedings, we find the claim meritless. We note that the district court's order recognizes the discrepancy between the offense of conviction stated in the judgment (possession of an explosive) and the offense Bruner actually pled guilty to which was "attempt to possess." Order at 6-7. To remedy this inconsistency, we suggest that the district court amend the judgment to reflect that Bruner was convicted of "attempt to possess" rather than "possession of an explosive." We deny Appellant's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2